[No. 15007. Department Two.—September 7, 1893.]

HERMAN LEVI AND COMPANY, RESPONDENTS, *v.* W. M. DIMMICK ET AL., APELLANTS.

SALE OF DATES—BREACH OF WARRANTY AS TO MERCHANTABLE VALUE—CONTRACT FOR TWO KINDS AT SAME PRICE—EVIDENCE—DIFFERENCE OF VALUE INADMISSIBLE—MEASURE OF DAMAGES.—In an action to recover damages for the breach of an express warranty of the merchantable character of one kind of dates sold by the plaintiff to defendants, where the contract specified two kinds of dates, but made no distinction between them as to price or quantity of either kind, evidence as to the difference in market value of the two kinds of dates, for the purpose of showing that one kind furnished which were unmerchantable were worth less than the agreed price, is inadmissible; and the measure of damages is the difference between the contract price and the actual value of the dates as unmerchantable goods.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Rhodes & Barstow*, for Appellants.

*Wal. J. Tuska*, for Respondents.

McFARLAND, J.—This is an action to recover damages for the breach of an express warranty of the merchantable char-

acter of certain dates sold by defendants to plaintiffs and paid for by plaintiffs at the contract price. Judgment went for plaintiffs, from which, and from an order denying a new trial, defendants appeal.

We have considered carefully the oral and written arguments of counsel, and are satisfied that no reversible error was committed by the trial court. There is only one point which we think necessary to be specially noticed; and that is, whether or not the court erred in excluding testimony offered by appellants to show a difference in value between two kinds of dates which are mentioned in a contract between the parties.

On November 29, 1890, the parties entered into a written contract as follows:—

"Sold this day to Messrs. H. Levi and Company, San Francisco, four thousand boxes of dates, more or less, consisting of Hallowee $\frac{AAA}{H}$ and Sairs, at six (6) cents per pound, delivered at the wharf at San Francisco in merchantable condition. Terms, cash on delivery.

"The above lot being such as are received and on the way consigned to order of G. H. Ballou and Company, two thousand five hundred boxes, more or less, for immediate delivery, and balance one thousand five hundred boxes, more or less, for delivery on arrival at San Francisco. It being understood that one thousand five hundred are now afloat. If by unavoidable accident balance of one thousand five hundred do not arrive, sale of one thousand five hundred boxes is void. Weights to be estimated at actual gross weight, less uniform tare of ten pounds each box."

This document was signed by appellants and respondents.

It will be observed that in this contract no distinction is made between Hallowee dates and Sair dates, either as to the price, or as to the quantity of either kind sold; and if it be true that there is a marked difference in the value of the two kinds of dates, then the case illustrates the carelessness with which contracts are frequently made, and how difficult questions are thrust upon courts by the looseness with which business is often done.

It appears that two thousand five hundred boxes of dates were delivered at the time the said contract was made, and paid

for by respondents at the said price at six cents per pound; and that they were Hallowee dates. These two thousand five hundred boxes were in merchantable condition, and with reference to them no trouble occurred. But afterwards, on December 11, 1890, the one thousand five hundred boxes mentioned in said contract having arrived, appellants delivered them to respondents, and respondents paid appellants for them at the said contract price of six cents per pound. These one thousand five hundred boxes were, as a matter of fact, Sair dates, and they proved to be. not merchantable. The court gave judgment for the difference between the contract price of these last one thousand five hundred — six cents per pound — and their actual value as unmerchantable goods. But the appellants, having averred in their answer that Sair dates were worth less than Hallowees, asked of one or two of their witnesses the questions: "Was there any real difference at that time in the value in this market between Hallowees and Sair dates?" and, "What is the difference between Hallowees and Sairs?" and the court sustained objections to these questions, and we think that the objections were properly sustained. These questions amounted to nothing more or less than an attempt to show that goods sold and delivered under an express contract, at a stated price, were not worth as much as the price at which they were expressly sold, which, of course, a seller is estopped from doing, except under peculiar circumstances, not here existing. As before observed, the contract, on its face, makes no difference between Hallowee and Sair dates, either as to the amount of either or the price of either. But as to the aggregate amount of *dates,* it is clear that the contract was severable as to the first lot of two thousand five hundred boxes and the second lot of one thousand five hundred boxes. The first lot was delivered and paid for at the price named, and that ended the contract as to that lot. As to the second lot of one thousand five hundred boxes, the sale and delivery were contingent; they were subject to the uncertainties of a sea voyage, and it was provided that if they did not arrive, the "sale of one thousand five hundred boxes is void." If they had not arrived, the transaction would have closed with the sale of the two thousand five hundred boxes, and the payment for them by respondents at the contract price; but as they did arrive, payment

had to be made for them by respondents at the contract price of six cents per pound, and such payment was made. If the one thousand five hundred boxes had been lost at sea, could appellants have recovered anything of respondents upon the theory that the two thousand five hundred boxes of Hallowees already delivered and paid for were worth *more* than the contract price? We think, therefore, that the contract price of the one thousand five hundred boxes was six cents per pound, and that it was not admissible for appellants to show that these dates, in a merchantable condition, were worth less. The case which counsel for appellants put of the sale of a lot of cattle at fifteen dollars per head — some of them worth five hundred dollars apiece and others worth only five dollars — would need conditions not suggested by them before it would be an apt illustration of their contention in the case at bar.

The judgment and order appealed from are affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.

Hearing in Bank denied.